UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GUILLERMO CASTILLO-FERNANDAZ,**

    Petitioner,

v.                                  CASE NO.  8:11-cv-672-T-25EAJ
                                                              8:94-cr-105-T-25EAJ

**UNITED STATES OF AMERICA,**

    Respondent.

---

## ORDER

Before the Court is Petitioner's Motion to Vacate Judgment and Sentence Pursuant to 28 USC § 2255 or in the alternative Writ of Error Coram Nobis and/or Audita Quarela (Dkt. 1), the Government's response (Dkt. 8), and Petitioner's Notice of Supplemental Authority (Dkt. 9). From the record, the Court finds the following:

### I. BACKGROUND

On August 1, 1994, Petitioner entered a plea of guilty, pursuant to the terms of a written plea agreement, to conspiring to possess with intent to distribute five (5) kilograms or more of cocaine pursuant to 21 U.S.C. § 841(a)(1). On October 28, 1994, Petitioner was sentenced to 70 months imprisonment, to be followed by five years supervised release. Petitioner did not file an appeal. On April 18, 1996, Petitioner filed his original § 2255 motion, arguing that the

Court did not consider a departure pursuant to 18 U.S.C. § 3553 (safety valve). Petitioner's motion was denied on October 25, 1996. Petitioner has completed his sentence and is currently on an Order of Supervision with Immigration and Custom Enforcement (ICE) authorities. On March 30, 2011, Petitioner filed the instant counseled motion seeking relief under § 2255 or in the alternative, for writ of error coram nobis. Relying on Padilla v. Kentucky, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010),[1] Petitioner contends that counsel was ineffective for failing to advise him of the deportation consequences of his guilty plea.

## II. DISCUSSION

### A. 28 U.S.C. § 2255

Relief under 28 U.S.C. § 2255 is available to a Petitioner in custody attacking a federal sentence scheduled to be served in the future. *Simmons v. United States*, 437 F.2d 156, 159 (11th Cir. 1971). Petitioner was released in 1999, and his term of supervised release has expired. Thus, he is no longer "in custody" within the meaning of § 2255. As such, Petitioner is not entitled to relief under § 2255.[2]

---

[1] In *Padilla*, the Supreme Court held that the Sixth Amendment requires an attorney for a criminal defendant to provide advice about the risk of deportation arising from a guilty plea.

[2] Even if Petitioner was "in custody" for purposes of § 2255, his § 2255 motion would be a second or successive § 2255 motion subject to dismissal because he has not sought leave from the Eleventh Circuit Court of Appeals to file a successive motion.

### B. Writ of Error Coram Nobis

Alternatively, Petitioner seeks relief under a writ of coram nobis and/or Audita Quarela pursuant to 28 U.S.C. § 1651. A writ of error coram nobis is "an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir.2000). The bar for coram nobis relief is high, and the writ may issue only where (1) "there is and was no other available avenue for relief," and (2) "the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir.2000). A district court may consider a coram nobis petition only where "the petitioner presents sound reasons for failing to seek relief earlier." *Mills*, 221 F.3d at 1204.

The Court need not address Petitioner's request for alternate relief because *Padilla* is not retroactive. *See Chaidez v. United States*, 568 U.S. __, 133 S. Ct. 1103, __ L.Ed.2d __ (2013).

### III. CONCLUSION

Upon consideration of the foregoing, it is **ORDERED**:

1. Motion to Vacate Judgment and Sentence Pursuant to 28 USC § 2255 or in the alternative Writ of Error Coram Nobis and/or Audita Quarela (Dkt. 1) is **DENIED** and this case is **DISMISSED with prejudice**. Petitioner has failed to

make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability shall not issue. See 28 U.S.C. § 2253(c)(2). Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis. 28 U.S.C. § 1915(a)(3).

2. The Clerk is directed to enter judgment accordingly and to close this case. A copy of this Order shall be filed in the underlying criminal case, Case No. 8:94-cr-105-T-25EAJ.

**DONE AND ORDERED** at Jacksonville, Florida this __25__ day of ___March___, 2013.

HENRY LEE ADAMS, JR.
United States District Judge

Copies to:
Ricardo Corona, Esquire
Michael John Meyer, AUSA